## RACHEL STONE v. JOHN CAMPBELL AND FLORENCE CAMPBELL.

### BOND—ON CHANCERY APPEAL—APPROVAL OF EXPARTE.

Motion to dismiss appeal for failure to file statutory bond, and give notice of perfecting appeal. Granted, unless appellant files a new bond in 20 days, duly approved as required by statute.

*Smith, Nims, Hoyt & Erwin,* for motion, contended:

1. That How. Stat. § 6738, gives the appellant 40 days in which to file a bond, to be approved by a circuit judge or circuit court commissioner, on a notice to the appellee of six days; that no notice of the presentation of the bond in this case for approval was given; that the bond is dated as of the last day but one on which the appeal could be perfected, and on the following day it was approved *ex parte* by the circuit court commissioner; that under the provisions of the statute the appellant must give the appellee notice of a motion for approval not later than the thirty-fourth day, and by failing to do so the appeal is lost; that if the appeal is not perfected within the time limited by law, no jurisdiction is acquired by the appellate court, and the appeal should be dismissed; citing *Moore v. Ellis* 18 Mich. 77; that the filing of a properly-approved bond is the only condition required by law for perfecting the appeal; that the bond given has only one surety, while the statute requires two or more; citing *Beebe v. Young,* 13 Mich. 221.

2. That Supreme Court Rule No. 14, which provides that the appellant shall, within 20 days after perfecting his appeal, give written notice of such appeal and of the day when the appeal bond was filed, which notice shall be served on all the other parties, whether joint or adverse, who have appeared in the cause, was not complied with; that the case of *Tucker v. Stone,* 92 Mich. 298, where it was said that the "delay in serving notice of perfection of appeal, which is another ground urged for the dismissal of the appeal, has been of no hurt or damage to complainant, and is not sufficient, in and of itself, to warrant a dismissal," does not rule this case; that the defendants in this case have been damaged by the delay and the failure to observe the plain provisions of How. Stat. § 6738, in regard to filing a bond; that complainant has been for four years and a half and still is in possession of property which the court below found to be the defendants'; that she pays no rent, and defendants have no

surety for any rent of the premises, as shown by the affidavits filed in support of this motion.

*Arthur Jones, contra,* contended:

1. That the merits of the case will not be considered on this motion, and the financial responsibility of the complainant does not affect the question of the regularity of the appeal.

2. That the appellees did in reality have a hearing on the approval of the appeal bond, though not on the notice provided by the statute; that they do not object to the penalty in the bond, or that the surety is financially irresponsible, but invoke the technical rule as to notice to drive the complainant out of court; that if this were a motion under the statute for an additional bond this court would, if it found the bond given insufficient, order an additional one to be given under 2 How. Stat. § 6738, subd. 3.

3. That if the court regards the want of notice such a disregard of the practice as requires attention, leave is asked to present a new bond; citing *McClintock v. Laing,* 19 Mich. 300; that under How. Stat. § 6738, the bond having been approved by a circuit court commissioner, the appellee could move the circuit court, or the judge at chambers for an additional bond, but they have delayed doing so for 122 days.

4. That the rule does not require a separate notice of perfecting an appeal; that it is perfected by filing the claim for appeal, giving the bond, duly approved, and serving copies of the claim and bond with notice of their filing, and that they are copies, and this is a sufficient compliance with the rule, but an appeal will not be dismissed for failure to give notice; citing *Garratt v. Litchfield,* 10 Mich. 451; *Shook v. Proctor,* 26 Id. 283; *Tucker v. Stone,* 92 Id. 298.

The facts as alleged by the respective parties were as follows:

On the part of the defendants it was alleged:

*a*—That on the commencement of summary proceedings to recover the possession of certain premises occupied by complainant, but the title to which was in the defendant John Campbell, the complainant filed her bill, in which she claimed to be the owner of said premises, and, without filing any bond, secured an injunction restraining the further prosecution of said summary proceedings and the institution of any other action at law for the recovery of the rents or profits or

the possession of said premises.

b—That on July 16, 1895, a decree was made dismissing said bill; that the occupancy by complainant of said premises has continued since the bill was filed, and still continues; that the defendant Campbell has received no rent or income therefrom during such occupancy, and that complainant is pecuniarily irresponsible.

c—That no notice of an application for the approval of the appeal bond, signed by John Torrent as sole surety, or for fixing the penalty of said bond, was served upon the solicitors for the defendants; that said solicitors did not appear before the circuit court commissioner, who approved said bond and fixed the penalty thereof, and were not heard as to the pecuniary responsibility of said surety; that no notice, under Supreme Court Rule No. 14, that said appeal had been perfected, was served on the solicitors for the appellees.

On the part of the complainant it was alleged:

a—That the property involved in the suit belongs to complainant; that defendant John Campbell is a brother of complainant; that he acted for her in the purchase of said property, and took the title in his own name, without her consent or knowledge, and that he has no equitable interest in said property; that said Campbell commenced proceedings to recover possession of said property, as stated by defendants, and that complainant instituted this suit for the purpose of establishing the legal title thereto in herself; that said property is the home and residence and homestead of the complainant; that the defendants have never demanded any rent of complainant for the use of said property, and that she is not now, nor ever has been, a tenant of said defendants, or of either of them.

b—That the record in this case is nearly all printed, and that the complainant expects to be able to file it within the time limited by the rule, and to have the case heard at the next regular term of this Court.

c—That the delay in presenting the appeal bond for approval was caused by the poverty of the complainant; that after her solicitor had prepared the bond he secured its execution by John Torrent as surety; that said surety is worth half a million dollars; that said solicitor then handed the bond to the circuit court commissioner, and requested him to see the defendants' solicitors, and ascertain if it was satisfactory to them; that a short time afterwards said solicitor was informed by the commissioner that he had seen one of defendants' solicitors, who objected to the bond on the ground that it should be conditioned for the payment of the rental value of the premises from the time the bill was filed; that the penalty should be $1,500, and that no other objections were made to said bond; that the said commissioner heard defendants' attorneys fully as to their claims; that complainant's solicitor contended that the condition of the bond was as prescribed by law; that as defendants did not ask for a decree for rent, and never presented any claim for the same in the case, the court would not make such a decree; that to require such a bond as was asked for would not only be contrary to law, but would render it impossible for complainant to appeal, and thereupon the bond was approved, and that by virtue of the proceedings stated the defendants' counsel did, in effect, have a hearing before the commissioner, although not strictly in accordance with the statute.

d—That on October 26, 1895, complainant's solicitor caused a copy of the appeal bond, order of approval, and order fixing the penalty thereof, together with a copy of the claim of appeal, all attached together, with notice of the filing thereof, and all duly certified to, to be served on the solicitors for the defendants, which service was equivalent to the notice required by Supreme Court Rule No. 14.